# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHAKEEL AHMED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV269 HEA |
| ) | |
| SHAUKAT ALI BANGASH, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Bangash's Motion to Set Aside Default Judgment (Doc. No. 69). Plaintiff opposes the motion. For the reasons set forth below, the motion is granted.

## Background

Plaintiff filed this action on February 12, 2013, alleging eleven counts, including breach of contract, breach of duty of good faith and fair dealing, fraud and rescission, imposition of constructive trust, breach of fiduciary duty, unjust enrichment, conversion, assumpsit/money and received, violation of the Missouri Merchandising Practices Act, and requests for equitable account and injunctive relief.

On September 6, 2013, the Court ordered Plaintiff to show cause why Defendant Shaukat Ali Bangash should not be dismissed from this action for

failure to obtain service. Plaintiff responded with his explanation and request for additional time to effectuate service on Defendant, who is located in Pakistan. The Court granted the motion. On October 28, 2013, Plaintiff filed a "Proof of Service" indicating that Defendant had been served via FedEx through receipt by Habib Ali. Defendant has filed a Declaration that he lived at a different address, that he owns the building where the Complaint was delivered, but knows no one by the name Habib Ali, and that he did not receive the Complaint and Summons.

## Discussion

Under Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause...." To determine whether good cause exists, this Court should weigh "'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" *Stephenson v. El–Batrawi,* 524 F.3d 907, 912 (8th Cir.2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir.1998)).

Defendant contends that his failure to timely answer was a result of not having received the Complaint and Summons. Although Plaintiff argues that Defendant had actual and constructive notice of the suit against him the undersigned is satisfied that Defendant was not blameworthy or culpable in this instance. Constructive or even actual notice of a pending lawsuit against an

individual does not equate with the constitutional requirements of due process. Indeed, if knowledge alone was sufficient, service of process would dissolve (quoting *Oberstar v. FDIC,* 987 F.2d 494, 504 (8th Cir.1993)).

With regard to the meritorious defense factor, the Court must examine "whether the proffered evidence 'would permit a finding for the defaulting party.'" *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir.1998) (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir.1988)). "'The underlying concern is ... whether there is some possibility that the outcome ... after a full trial will be contrary to the result achieved by the default.'" *Augusta Fiberglass,* 843 F.2d at 812 (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2697, p. 531 (2d ed.1983)).

Defendant argues that the Court lacks personal jurisdiction over him in that he lives in Pakistan and has never even been to the State of Missouri. Based on this position, "[t]here exists at least an even chance that the outcome of this action, after full consideration, would be contrary to the result achieved by a default." *Id.* Therefore, the Court finds that Defendant has satisfied the meritorious defense factor in setting aside the default.

Finally, the Court finds that setting aside the default will not prejudice Plaintiff. Under Eighth Circuit precedent, "prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the

merits." *Johnson,* 140 F.3d at 785 (citation omitted).  Instead, "[s]etting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Johnson,* 140 F.3d at 785 (quoting *Berthelsen v. Kane,* 907 F.2d 617, 621 (6th Cir.1990)).  Plaintiff has not alleged that setting aside the default would cause any prejudice to him under this analysis.  Thus, the undersigned finds that Defendant has adequately satisfied the requirements for setting aside a clerk's entry of default, and the Court will set aside the default, and allow Defendant to file his responsive pleading answer out of time.

## Conclusion

Based upon the foregoing, the Court concludes that Defendant has satisfied his burden of establishing good cause for setting aside the Default Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Set Aside Default Judgment, [Doc. No. 69], is granted.

Dated this 23rd day of February, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE