UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAKKEL AHMED, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13CV269 HEA |
| | ) |
| SHAUKAT ALI BANGASH, | ) |
| | ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

## **Introduction**

This matter is before the Court on Defendant's' Motion to Dismiss for Insufficient Service of Process, Lack of Personal Jurisdiction, and Forum Non Conveniens, [Doc. No. 81]. Plaintiff opposes the Motion. The Court notes that Plaintiff's memorandum in opposition was filed beyond the applicable time afforded by the Federal Rules of Civil Procedure and the Court's local rules, and strongly admonishes Plaintiff. For the reasons set forth below, the Motion is granted.

## **Facts and Background**

Because this case is before the Court on a motion to dismiss, and no jurisdictional discovery has been authorized or conducted, the factual background is necessarily drawn—at least in the first instance—from the factual allegations in Plaintiff's Complaint. The parties have submitted conflicting attested statements

regarding service of process on Defendant Shaukat Ali Bangash. Additionally, Defendant has submitted, under seal, further documentation regarding the sufficiency of service of process. Since the Court finds it is without personal jurisdiction over Defendant, the issue of the sufficiency of service of process need not be addressed.

In ruling on a motion to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2) the Court may consider affidavits and exhibits presented with the motion and in opposition to it. See *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474–75 (8th Cir.2012). Where appropriate or necessary, the Court has amplified the facts alleged in the Complaint with facts from such additional sources. For present purposes, the focus is on facts relevant to personal jurisdiction, rather than all facts giving rise to the parties' dispute.

## Discussion

Defendant seeks dismissal of the Complaint on the ground that this Court lacks personal jurisdiction over him. Plaintiff disputes this position.

Plaintiff alleges that Defendant committed a tortious act within the state of Missouri, and therefore is subject to jurisdiction under the Missouri Long Arm Statute. Defendant disputes that he has sufficient minimum contacts with Missouri to satisfy due process requirements.

In undertaking an analysis of personal jurisdiction, the Court must examine whether the exercise of such jurisdiction is proper under the long-arm statute of the forum state, Missouri. *The Austad Co. v. Pennie & Edmonds,* 823 F.2d 223, 225 (8th Cir.1987). Missouri's long-arm statute provides in relevant part as follows:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
> ...
>
> (3) The commission of a tortious act within this state[.]
> ...

Mo.Rev. Stat. § 506.500. "Missouri's long-arm statute covers extraterritorial tortious acts that yield consequences in Missouri." *Furminator, Inc. v. Wahba*, 2011 WL 3847390, at *2 (E.D.Mo. Aug. 29, 2011) (citing *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 232 (Mo.2010)); see also *Myers v. Casino Queen*, 689 F.3d 904, 910 (8th Cir.2012).

Additionally, "due process requires 'minimum contacts' between [a] non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir.1996) (quoting *World−Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980)). In addition, there must be evidence of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Defendant notes that he lacks sufficient "minimum contacts" with Missouri to support "general" jurisdiction, and Plaintiff does not present any serious argument otherwise. Defendant argues that he also lacks sufficient "minimum contacts," from which any of Plaintiff's claims arise, for the exercise of "specific" jurisdiction to be proper, a contention that Plaintiff does dispute.

Plaintiff contends that consideration of the pertinent factors demonstrates that exercising specific personal jurisdiction over Defendant would comport with due process. Plaintiff argues that the nature and quality of claims against Defendant gives rise to exercising jurisdiction because Missouri has an interest in protecting its citizens from fraud and misrepresentations, as he has alleged in his Complaint.

As the Eighth Circuit Court of Appeals has explained, "Personal jurisdiction over a defendant represents the power of a court to enter 'a valid judgment imposing a personal obligation or duty in favor of the plaintiff.'" *Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592–93 (8th Cir.2011)

(quoting *Kulko v. Superior Court of Cal.*, 436 U.S. 84, 91, (1978)). Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "lack of personal jurisdiction." Fed.R.Civ.P. 12(b)(2).

"To allege personal jurisdiction, 'a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state.'" *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir.) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir.2004)), cert. denied, 131 S.Ct. 472 (2010). "If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction." *Id.* Its "showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id.* (internal quotation marks omitted). *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474–75 (8th Cir.2012); *Pangaea, Inc. v. Flying Burrito, L.L.C.*, 647 F.3d 741, 744–45 (8th Cir.2011) ("Where, as here, 'the district court does not hold a hearing and instead relies on pleadings and affidavits, ... the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party.' " (quoting *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir.1991), with internal citations omitted).

Although the Court may consider affidavits and other matters outside of the pleadings on a Rule 12(b)(2) motion, the pleader's burden, in the absence of an evidentiary hearing, is only to make a "minimal" prima facie showing of personal jurisdiction, and the Court "must view the evidence in the light most favorable to the [pleader] and resolve all factual conflicts in its favor in deciding whether the [pleader] has made the requisite showing." *K–V Pharm. Co. v. Uriach & CIA, S.A.*, 648 F.3d 588, 581–82 (8th Cir.2011). Notwithstanding that facts are viewed in the light most favorable to the pleader, "'[t]he party seeking to establish the court's *in personam* jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." *Viasystems, Inc.*, 646 F.3d at 592 (quoting *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir.2003)). The Eighth Circuit Court of Appeals reviews de novo orders granting dismissals pursuant to Rule 12(b)(2). *Johnson v. Arden*, 614 F.3d 785, 793 (8th Cir.2010).

The exercise of personal jurisdiction is only permissible when it comports with due process. See, e.g., *K–V Pharm. Co.*, 646 F.3d at 592.FN3 "Due process requires that a defendant have certain 'minimum contacts' with the forum state for personal jurisdiction to be exercised." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 911 (8th Cir.2012) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). More specifically,

> Contacts with the forum state must be sufficient that requiring a party to defend an action would not "offend traditional notions of fair play and substantial justice." [*International Shoe Co.*, 326 U.S.] at 316, 66 S.Ct. 154, 90 L.Ed. 95 (internal quotation marks and citation omitted). "The 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Super. Ct. of Cal.,* 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (internal citations omitted).
>
> We developed a five-factor test to evaluate whether a defendant's actions are sufficient to support personal jurisdiction: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) [the state's] interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. See, e.g., *Precision Const. Co. v. J.A. Slattery Co., Inc.*, 765 F.2d 114, 118 (8th Cir.1985) (noting that the first three factors are of primary importance and the last two of secondary importance).

*Myers*, 689 F.3d at 911.

Furthermore, although " '[p]ersonal jurisdiction can be specific or general,'" *Dairy Farmers of Am., Inc.*, 702 F.3d at 476 (quoting *Viasystems*, 646 F.3d at 593), only "specific" personal jurisdiction is at issue here. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state....'" *Id*. (quoting *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir.2008)). In the five-factor test, "[t]he third factor distinguishes between specific and general [personal] jurisdiction." *Myers*, 689 F.3d at 911. This is so, because "[s]pecific personal jurisdiction, unlike general

jurisdiction, requires a relationship between the forum, the cause of action, and the defendant." *Id*. at 912.

The Eighth Circuit Court of Appeals has clarified that it does not adhere to a "proximate cause standard" for the required connection between the defendant's contacts with the forum and the plaintiff's cause of action. See *id*.

> Rather, [the Eighth Circuit has] said specific jurisdiction is warranted when the defendant purposely directs its activities at the forum state and the litigation "result [s] from injuries ... relating to [the defendant's] activities [in the forum state.]" *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir.2008). [The Eighth Circuit has] also emphasized the need to consider "the totality of the circumstances in deciding whether personal jurisdiction exists[,]" *K‑V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592‑93 (8th Cir.2011) (citing *Johnson*, 614 F.3d at 794). This stance is consistent with other circuits which have focused on the need to adopt a flexible approach when construing the "relate to" aspect of the Supreme Court's standard. See *Nowak [v. Tak How Invs., Ltd.*, 94 F.3d 708,] 716 [(1st Cir.1996)] ("By this approach, we intend to emphasize the importance of proximate causation, but to allow a slight loosening of that standard when circumstances dictate. We think such flexibility is necessary in the jurisdictional inquiry: relatedness cannot merely be reduced to one tort concept for all circumstances.").

*Myers*, 689 F.3d at 913.

The primary basis on which Plaintiff asserts that specific personal jurisdiction over Defendant is appropriate is Defendant's use of the U.S. mail, phone calls, emails, and the brunt of the harm and injury felt by Plaintiff.

"Contact by phone or mail is insufficient to justify exercise of personal

jurisdiction under the due process clause." *Porter v. Berall,* 293 F.3d 1073, 1076 (8th Cir.2002); *see also Digi–Tel,* 89 F.3d at 523 ("Although letters and faxes may be used to support the exercise of personal jurisdiction, they do not themselves establish jurisdiction."); *Toro Co. v. Advanced Sensor Tech.,* No. 08–248 (DSD/SRN), 2008 WL 2564336, at *3 (D.Minn. June 25, 2008) (finding that even "relatively large" amounts of electronic communication, without more, does not establish jurisdiction).

Moreover, in this case, the correspondence, received payments and other communications all dealt with the hospital in Islamabad, Pakistan and had nothing to do with Missouri except that Plaintiff is a Missouri resident. Defendant never met Plaintiff in the State of Missouri; Defendant never conducted business in the State of Missouri; Defendant never conducted print, radio, television, or any other advertising directed to Missouri residents; Defendant never owned or leased real property in Missouri; Defendant never held bank accounts in Missouri; Defendant never owed or was required to pay taxes in the State of Missouri; Defendant never maintained an office in the State of Missouri; Defendant never maintained a registered agent for service in the State of Missouri; Defendant never employed anyone in the State of Missouri.

Plaintiff contends that specific jurisdiction is proper because Missouri is where the brunt of the harm and injury would be felt by Plaintiff. In other words, Plaintiff relies primarily on the "effects test" articulated in *Calder* in making his prima facie showing of personal jurisdiction. Although the holding in *Calder* may certainly constitute a basis for a court's finding of personal jurisdiction, the Eighth Circuit has cautioned that the five *Land-O-Nod* factors listed above must still be weighed in every personal jurisdiction analysis. *Johnson*, 614 F.3d at 796. The *Calder* test is "merely ... an additional factor to consider when evaluating a defendant's relevant contacts with the forum state." *Id.*; *Dakota*, 946 F.2d at 1391 ("In relying on *Calder*, we do not abandon the five-part test ... We simply note that *Calder* requires the consideration of additional factors when an intentional tort is alleged."). Accordingly, as the Complaint's allegations of fraud is intentional and tortious in nature, the Court will explore the five *Land-O-Nod* factors as well as the *Calder* test in assessing the Court's personal jurisdiction over Defendant.

*Land-O-Nod* Factors

**Nature and Quality of Contacts**

The first *Land-O-Nod* factor concerns the nature and quality of a defendant's contacts with the forum state, which in this case is Missouri. It is undisputed that Defendant has never maintained business, property, offices, employees, or agents in

Missouri, and none of Defendant's agents or employees have ever traveled to Missouri for business.

Plaintiff gives examples of "direct" contacts between Defendant and Plaintiff. The first is in the form of advertisements on the Pakistani television station which he watched in Missouri. Plaintiff, however, has failed to present evidence that the television commercials and seminars were directed specifically to Missouri citizens, and were not sent out to various other states.

Plaintiff also points to some email communications sent from Plaintiff to Defendant. These emails only serve to reinforce the Court's conclusion that Defendant had no meaningful, direct contact with Plaintiff in Missouri, but instead were Plaintiff initiating contact with Defendant. Defendant took no affirmative actions with regard to Plaintiff in Missouri. Such attenuated contacts are not of the nature and quality that the Court considers sufficient under the Due Process Clause. Furthermore, even if direct, one-on-one emails between the parties exist, a review of the relevant Eighth Circuit case law reveals that, in general, if a defendant's connection to the forum state is established merely through emails, calls, or faxes sent back and forth, such contacts alone do not satisfy Due Process. See, e.g., *Viasystems*, 646 F.3d at 594 (scattered emails, phone calls, and wire transfers do not constitute deliberate and substantial connection with forum state); *Digi-Tel*, 89 F.3d

at 523 (numerous letters, faxes, and phone calls to forum state not enough to create jurisdiction); *Porter v. Berall*, 293 F.3d 1073, 1076 ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause.").

After careful consideration, the Court concludes that Defendant's contacts with Plaintiff are insufficient to constitute purposeful availment of the laws of Missouri. "The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person.

Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State." *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693–94 (8th Cir.2003) (citation omitted) (emphasis in original). Here, the Court finds that, in keeping with the requirements of the Due Process Clause and the holding of the Supreme Court in *International Shoe Co. v. Washington*, "traditional notions of fair play and substantial justice" would be offended if this Court exerted personal jurisdiction over Defendant. The Court therefore finds that, due to the nature and quality of the contacts between the parties, Defendant could not have reasonably anticipated being haled into court under these limited contact circumstances, and thus, the first

*Land–O–Nod* factor weighs in favor of Defendant.

**Quantity of Contacts**

Because the nature and quality of the contacts between Defendant and Missouri are insufficient to confer specific jurisdiction, the numerosity of such contacts is immaterial to the Court's analysis. The second Land–O–Nod factor weighs in favor of Defendant.

**Relation of the Cause of Action to the Contacts**

The third factor focuses on a defendant's contacts with the forum state with respect to the particular cause or causes of action asserted. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir.1994). Here, Plaintiff alleges a cause of action for fraud. Again, this Defendant has submitted documentation that he never initiated contact with Plaintiff, he had not been to Missouri with regard to the alleged wrongful acts and he did not participate in the negotiation of the investment by Plaintiff into the program of which Plaintiff complains.

**Interest of Forum and Convenience of Parties**

Before the Court considers the final two *Land–O–Nod factors*, it is important to recognize that they cannot outweigh the first three factors. See *Land–O–Nod*, 708 F.2d at 1340 ("For instance, the last two factors are said to be of secondary importance and not determinative.") Even if the Court were to <u>assume</u> that the

fourth factor, which concerns the interest of the forum in litigating this matter, weighed in favor of Plaintiff, the fifth factor, which concerns the convenience of the parties, must weigh in favor of Defendant. The Court finds that litigating this case in Missouri would be inconvenient not only to Defendant and his witnesses, but also potentially to Plaintiff, whose witnesses are likely to include persons located in Pakistan. The Court therefore concludes that though the fourth *Land–O–Nod* factor <u>may</u> weigh in favor of Plaintiff, the fifth *Land-O–Nod* factor does not. Missouri's "interest in providing its residents with a forum cannot make up for the absence of minimum contacts." *Digi–Tel*, 89 F.3d at 525.

### *Calder* Effects Test

In addition to the five-part *Land–O–Nod* test, the Court must also weigh whether the brunt of the injury allegedly incurred by Plaintiff was most strongly felt in the forum state, pursuant to the *Calder* "effects" test. Under certain circumstances, personal jurisdiction can be exerted over a tortfeasor that intentionally directs its tortious acts to the forum state. *Calder*, 465 U.S. at 789.

The Court agrees that any injuries suffered by Plaintiff would be felt most readily in Missouri, the state of Plaintiff's residence. However, it is not the case that personal jurisdiction over a defendant will be presumed merely because an intentional tort has been alleged. The Eighth Circuit has "construe[d] the *Calder*

effects test narrowly, and [held] that, absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction." *Johnson*, 614 F.3d at 796–797. Ergo, even if Plaintiff could establish Defendant committed acts of fraud felt most strongly by Plaintiff in Missouri, this fact alone would be insufficient to confer personal jurisdiction over Defendant pursuant to the *Calder* test. Something more than mere effect is needed.

Cases decided throughout this Circuit uniformly hold that in order for a defendant's tortious conduct to confer personal jurisdiction, there must be a prima facie showing that the defendant's intentional acts were "performed for the very purpose of having their consequences felt in the forum state." *Dakota*, 946 F.2d at 1391 (internal citation omitted). See, e.g., *Johnson*, 614 F.3d at 796 (no personal jurisdiction where defendant's allegedly defamatory comments not expressly aimed at forum, and no other evidence of minimum contacts existed); *Express Scripts, Inc. v. Care Continuum Alliance, Inc.*, 2011 WL 2199967, *4 (E.D. Mo. June 7, 2011) (no personal jurisdiction where defendant did not knowingly target trademark infringement at forum, and defendant had no other contacts with forum); *Hicklin Eng'g, Inc. v. Aidco, Inc.*, 959 F.2d 738, 739 (8th Cir.1992) (no personal jurisdiction where defendant had knowledge that plaintiff would be affected by intentional tort, but otherwise had no other connection with forum); *Gen. Elec. Capital Corp. v.*

*Grossman*, 991 F.2d 1376, 1387 (8th Cir.1993) (no jurisdiction where "focal point" of the tortious injury occurred in outside forum, even though court agreed that effects of harm ultimately were felt in forum).

Even a close examination of *Calder* reveals that the Supreme Court's finding of personal jurisdiction in that case depended on something more than the defendants' knowledge that the plaintiff would feel the brunt of the injury in her state of residence. 465 U.S. at 1484–85. Other contacts between the defendants and the forum state were found in *Calder*, including the fact that the defendants made frequent trips to the forum for business, made direct phone calls to residents of the forum in furtherance of the tort, and published the defamatory article about the plaintiff in the forum, a state where the defendants' publication had its highest circulation. *Id*. All of these facts combined evidenced the *Calder* defendants' purposeful availment of the forum and justified the court's exertion of personal jurisdiction over them.

Indeed, Plaintiff in this action is well aware of the requirement of something more than merely the brunt of the tortious act occurring in Missouri. In *Ahmed v. Aviss*, 2012WL6621691 (E.D. Mo 2012), the Court recognized that

> documents and communications Defendant directed to [Plaintiff] in Missouri, to the effect that Defendant would invest Plaintiff's funds safely and as specified by Plaintiff, were misleading and sent in an effort to defraud Plaintiff, a Missouri citizen. "Taking [Plaintiff's]

> allegations as true, as this Court must, this case presents a ready example of facts supporting specific jurisdiction." *Bryant*, 310 S.W.3d at 235. In other words, by "purposely directing [his] fraudulent communications at [a] resident[ ] of [Missouri], the defendant [ ] should have realized that the brunt of the harm would be felt there ... and [he] should have reasonably anticipated being haled into court there." *Oriental Trading Co.*, 236 F.3d at 943 (citation omitted). See also *Bryant*, 310 S.W.3d at 234 ("Numerous cases from other jurisdictions have held that the sending of fraudulent documents into a state constitutes a purposeful availment of the privilege of conducting activities within the forum state and provides the minimum contacts necessary to support personal jurisdiction in that state when the claim arises out of those contacts, as it does here."

*Id.* at *4. Such is not the situation in this case. Defendant sent nothing to Plaintiff to entice him to invest.

Here, personal jurisdiction over this Defendant is not justified by the facts of this case. Defendant clearly lacks any traditional business contacts in Missouri, such as offices, agents, representatives, employees, or property holdings. Defendant has never sent any representatives to Missouri. Defendant did not direct any communication to Plaintiff. Significantly, Defendant disavows any connection with the inducement, fulfilment or had any funds transferred to him. Finally, though Defendant exchanged some emails with Plaintiff in Missouri, those emails were initiated by Plaintiff, not Defendant. In sum, given the complete absence of any substantial connection between Defendant and the forum, the Court cannot exercise personal jurisdiction over Defendant solely because the effects of the Plaintiff's

alleged injury are most strongly felt in Missouri.

This Court finds that such contacts are not germane to whether this Court has personal jurisdiction over Defendant. It is the intentional contact with the forum state and not the incidental effect of an action outside the state that is relevant to this determination. *Oriental Trading Co. v. Firetti,* 236 F.3d 938, 943 (8th Cir.2001)).

Consideration of the relevant factors leads to the conclusion that, on this record, dismissal for lack of personal jurisdiction over Defendant is appropriate.

## Conclusion

Plaintiff has failed to meet his "minimal" burden of proof to show any contacts with the State of Missouri to establish any of the factors weighs in favor of the exercise of personal jurisdiction over Defendant in this forum.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Shaukat Ali Bangash's Motion to Dismiss, [Doc. No. 81], is granted.

**IT IS FURTHER ORDERED** that Defendant Shaukat Ali Bangash is dismissed from this action.

Dated this 9th day of February, 2016.

_____
  HENRY EDWARDAUTREY
UNITED STATES DISTRICT JUDGE